UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:20CR179-PPS/JEM |
| ) | |
| JAMES PPOOL, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On December 16, 2020, the United States indicted defendant James Ppool on two counts of being a felon in possession of a firearm, two counts of distribution of methamphetamine, possession with intent to distribute methamphetamine, and possession of firearms in furtherance of a drug trafficking crime. [DE 1.] Although his two co-defendants have long since been arrested and brought before this court on the case, and have each entered into a plea agreement with the government, the docket does not yet reflect that the arrest warrant for Ppool has been executed, and he has not made an initial appearance before the magistrate judge. Nonetheless, Ppool has recently filed, acting without an attorney, a Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 using a court form (AO 242). [DE 46.]

In this petition, Ppool indicates that he is challenging his pretrial detention by federal authorities, although as I have explained, it is not clear that he is being held on orders of this federal court issued in this case. [DE 46 at ¶¶3, 4, 5.] Ground One of the ¶2241 petition alleges that the indictment fails to establish federal jurisdiction because

the government "has failed to submit into the record evidence and documentation showing ownership by the United States over the place where the criminal activity is alleged in the complaint/indictment to have occurred." [DE 46 at 6.] Ground Two is a claim that the "trial court is without subject matter jurisdiction under 18 U.S.C. §3231." [*Id*.] The final Ground Three contends that an unspecified "criminal statute exceeds the power of Congress as applied to [Ppool's] conduct," violating Ppool's 5th Amendment rights and encroaching "on the sovereignty and jurisdiction of the state" in violation of the 10th Amendment. [*Id*.]

    For several reasons, I must deny Ppool's §2241 habeas petition. The record does not reflect that Ppool is in custody in connection with this case. Ppool has not yet appeared before this court, at which point his identity would be confirmed, the charges against him reviewed, and his right to counsel addressed. Ppool is charged with multiple felonies and is entitled to be represented by counsel. Because the proceedings against Ppool have not yet begun by his arrest and appearance, the court has not been presented with a request by Ppool to proceed without benefit of counsel, and so has not engaged in the necessary colloquy to determine whether such a decision is knowingly and intelligently made. The petition's "Request for Relief" reads "prove jurisdiction, appoint counsel." [*Id*. at 7.] A criminal defendant is not permitted to simultaneously be represented by counsel and also to address the court with pro se filings. "A defendant does not have a right to represent himself when he is also represented by counsel," and the court has "wide discretion to reject *pro se* submissions by defendants represented by

2

counsel." *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020) (internal quotation omitted).  Ppool's pro se filing prior to any initial appearance on this indictment is problematic.

In addition, even assuming that Ppool is detained under federal authority based on the charges in this case, a habeas petition under §2241 is not a proper vehicle for making the jurisdictional and constitutional arguments Ppool asserts in this pre-arrest filing.  Instead, "[t]o be eligible for habeas corpus relief under §2241, a federal pretrial detainee must first exhaust other available remedies."  *Alden v. Kellerman*, 224 Fed.Appx. 545, 547 (7th Cir. 2007).  In support of this long-established principle, *Alden* cites Supreme Court cases from 1918 and 1905 -– *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"), and *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise").  The Seventh Circuit has also held that "[a] federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a §2241 petition."  *Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020).

For all these reasons, I conclude that James Ppool has not demonstrated any right to relief by his pro se petition for a writ of habeas corpus filed pursuant to §2241, which will be denied.

ACCORDINGLY:

Defendant James Ppool's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 [DE 46] is DENIED.

The Clerk shall provide a copy of this order to defendant Ppool, addressed to him at Lake County Jail, Section 3F, 2293 N. Main St., Crown Point, IN 46307.

SO ORDERED.

ENTERED: July 16, 2021.

      /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT